UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK COLLINS, INC.,

    Plaintiff,

                              CASE NO. 2:11-cv-15236
v.                         JUDGE PAUL D. BORMAN
                              MAGISTRATE JUDGE PAUL J. KOMIVES

JOHN DOES 1-30 and
RAYMOND WASHINGTON,

    Defendants.

_____/

**ORDER DEEMING WITHDRAWN**
**DEFENDANT WASHINGTON'S MARCH 16, 2012 MOTION (Doc. Ent. 8)**

**A.    Background**

**1.**    Patrick Collins, Inc. filed this copyright infringement lawsuit on November 29, 2011.  At that time, defendants were John Does 1-30.  The causes of action include (I) direct infringement against Does 1-30; (II) contributory infringement against Does 1-30; (III) direct trademark infringement against Does 1-30; and (IV) contributory trademark infringement against Does 1-30.  Doc. Ent. 1.[1]

On January 10, 2012, I entered an order (Doc. Ent. 7) on plaintiff's motion for leave to serve third party subpoenas prior to a Fed. R. Civ. P. 26(f) conference (Doc. Ent. 2).  Pursuant to that order, plaintiff was permitted to serve "each of the ISPs with a Rule 45 subpoena

---

[1] Exhibits to the complaint include (A) defendant IP addresses (Doc. Ent. 1-3); (B) copyright registrations (Doc. Ent. 1-4); (C) BitTorrent vocabulary (Doc. Ent. 1-5); and (D) screenshot of "swarm" activity (Doc. Ent. 1-6).  *See* Doc. Ent. 1-2 (Exhibit Index).

commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Motion."  Doc. Ent. 7 ¶ 2.

**B.      Instant Motions**

Currently before the Court is Raymond Washington's March 16, 2012 "answer to complaint," which the Clerk of the Court docketed as a motion to quash or vacate subpoena and answer to complaint.  In its entirety, Washington's filing states:

> To whom it may concern, I am filing this motion to quash or vacate this subpoena.  I've realized that I have made a mistake in this matter and I'm asking the courts to vacate this issue.
>
> Thank you.

Doc. Ent. 8.

In its March 30, 2012 response, plaintiff Patrick Collins, Inc. asserted that defendant Washington's filing "fails to state any reason for why the court should quash the subpoena," and that "[t]here is no factual basis or legal theory presented by the Defendant in support of the motion."  Doc. Ent. 10.

**C.      Discussion**

Judge Borman referred this motion to me for hearing and determination.  Doc. Ent. 11.  A hearing on this matter was noticed for May 1, 2012.  Doc. Ent. 13.

On the date set for hearing, attorney John S. Hone appeared on behalf of plaintiff and defendant Raymond Washington appeared on his own behalf.  At that time, I granted defendant Washington's request to withdraw his March 16, 2012 motion (Doc. Ent. 8).  Plaintiff's counsel's office will contact defendant Washington and work out an amicable resolution of this

matter.

**D.     Order**

Accordingly, defendant Washington's March 16, 2012 motion (Doc. Ent. 8) is DEEMED WITHDRAWN.

IT IS SO ORDERED.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 1, 2012                                  s/Paul J. Komives
                                                                                 PAUL J. KOMIVES
                                                                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 1, 2012 electronically or by U.S. mail.

                                                                                 s/Michael Williams
                                                                                  Relief Case Manager for the Honorable
                                                                                   Paul J. Komives